IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LARRY HUDSON and**                                                                      **PLAINTIFFS**
**JAMES HOLMES**

v.                      **CASE NO. 4:19-CV-00792-BSM**

**CLARENCE THORNTON, JR.** *et al.*                                    **DEFENDANTS**

## ORDER

Defendants' motion for summary judgment [Doc. No. 17] is denied.

### I. BACKGROUND

Lary Hudson and James Holmes are suing Clarence Thornton, Jr., Buffalo Soldier's Motorcycle Club of America, LLC and Buffalo Soldier's Motorcycle Club of America, Inc. for trademark infringement. The undisputed facts are as follows:

Hudson, Holmes, Thornton, and Johnnie Huddleston (collectively, "founders"), founded the Buffalo Soldiers Motorcycle Club of America ("Buffalo Club"). Defs' F. ¶ 1. The club's bylaws provide that the club's colors, logo, and other trademarks belong to the founders. *Id.* ¶ 4–5. Huddleston resigned from the club. *Id.* ¶ 12. Plaintiffs allege that, by a two to one vote, they terminated Thornton's membership after sending him written notice of certain infractions. *Id.* ¶ 15–17.

Thornton then formed defendant Buffalo Soldier's Motorcycle Club of America ("Buffalo, Inc."), and filed a federal trademark application for a mark identical to the Buffalo Club's trademark, asserting that the trademark belonged to defendant Buffalo Soldiers Motorcycle Club of America, LLC. (Buffalo LLC) *Id.* ¶19–20. He then filed a

state trademark on behalf of Buffalo Corporation and filed a state lawsuit against plaintiffs for trademark infringement and unfair competition. *Id.* ¶ 21-22. Defendants move for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is denied because there are disputes of material fact concerning the existence and validity of Buffalo Club's bylaws, and the parties' roles and authority in Buffalo Club. Although plaintiffs argue that Thornton has no trademark priority over plaintiffs because Buffalo Club's bylaws gave all founders the same trademark rights, Mot. Summ. J. at 4–6, Doc. No. 19, defendants assert that the bylaws presented by plaintiffs are

fraudulent and that the club never completed or ratified a set of bylaws, but instead had only a "working copy." Resp. Mot. Summ. J. at 1, Doc. No. 24. Defendants argue that since there were no governing bylaws, they obtained the right to the trademark by registration, they are not licensees of the trademark, and the federal and state registrations should not be cancelled because there is a dispute of material fact regarding the rights to the trademark. *Id.* at 4–9. There are sufficient material facts in dispute to create questions for the jury.

    IT IS SO ORDERED this 22nd day of March, 2021.

                                                                                                UNITED STATES DISTRICT JUDGE